McMILLAN et al. v. NOYES et al.

(Circuit Court, D. New Hampshire. July 12, 1906.)

No. 350.

REMOVAL OF CAUSES—SEPARABLE CONTROVERSY—JOINT SUIT FOR INJUNCTION.
    In a suit to enjoin the destruction of a water privilege by diverting water from a stream, the complainant may properly join as defendants the persons who are undertaking such diversion, and one with whom they have contracted to do the work, and ask for a common injunction

against all, and in such case there is no separable controversy which entitles the former to remove the cause when the contractor could not.

[Ed. Note.—For cases in point, see vol. 42, Cent. Dig. Removal of Causes, §§ 95-99.

Separable controversy as ground for removal of cause to federal court, see notes to Robbins v. Ellenbogen, 18 C. C. A. 86; Mecke v. Valleytown Mineral Co., 35 C. C. A. 155.]

In Equity on Motion to Remand to State Court.

Drew, Jordan, Shurtleff and Morris, for complainants.

Anthoine & Talbot and Edmund Sullivan, for defendants.

PUTNAM, Circuit Judge. This is a bill in equity brought originally in a court of the state of New Hampshire. The complainants are citizens of New Hampshire, and two of the respondents, Edward A. Noyes and the Berlin Electric Light Company, are citizens of Maine. The citizenship of the remaining respondents, constituting the firm of Ward Bros. & Co., is not shown. Noyes and the Berlin Electric Light Company claim that there is a separable controversy so far as they are concerned, and they thereupon removed the proceedings to this court; and now the complainants have asked that the case be remanded to the state court.

With reference to determining questions whether there are separable controversies, certain general rules are now establishd beyond doubt; one to the effect that the courts are controlled absolutely by the proponent's pleadings as shown on the face of his declaration at law or of his bill in equity, except so far as matters are alleged which are plainly contradictory, irrelevant or immaterial, or unless the party desiring the removal submits evidence that a joinder was made for the express purpose of defeating the jurisdiction of the federal courts. This record presents no such evidence, and the case is submitted to us on the complainants' pleadings.

The gravamen of the bill is that Noyes and the Berlin Electric Light Company are preparing to unlawfully flow out a water privilege belonging to the complainants, situate on the Androscoggin river, and that these two respondents have already, in pursuance thereof, done an overt act in the way of building a coffer dam. It is also alleged that they have contracted with Ward Brothers & Co. for the erection by the latter of a permanent dam which, if erected, will constitute the permanent illegal structure which the bill seeks to avert by a proper prayer for an injunction. The bill does not allege that Ward Bros. & Co. have done any overt act, except so far as the execution of the contract for the construction of the permanent dam may be regarded as such. Under these circumstances, the respondents Noyes and the Berlin Electric Light Company apparently maintain that no relief can be granted against Ward Bros. & Co., and therefore, that, on the face of the pleadings, their joinder is immaterial in all particulars.

The bill, however, prays that Ward Bros. & Co., as well as Noyes and the Berlin Electric Light Company, be enjoined from erecting the dam referred to. Certainly the prevention of the erection of struc-

tures which will flow out a water privilege, and thus create a technical nuisance, is a suitable and meritorious basis for jurisdiction in equity; and also, if, as alleged by the bill, and as we, therefore, must assume for present purposes to be true, Ward Bros. & Co. have entered into a contract with the other respondents for the erection of a dam which the other respondents have no legal right to erect, it is specially meritorious and proper that Ward Bros. & Co. should be joined as respondents and a common injunction issue against all. If this were not done, or, in other words, if the complainants had not promptly proceeded to obtain an injunction against Ward Bros. & Co., and if it should transpire that Ward Bros. & Co. were not advised that the proposed dam would be illegal, and had, therefore, innocently made extensive preparations for the carrying out of their contract, the complainants might have found themselves chargeable with laches and unable to obtain relief. The fact that Noyes and the Berlin Electric Light Company may have been chargeable with knowledge of conditions which should have put them on their guard, while Ward Bros. & Co. may have been entirely innocent, would not deprive the complainants of the right to join all the respondents named in the bill. Under the circumstances, in view of the fact that Noyes and the Berlin Electric Light Company have already committed an overt act as alleged in the bill, relief in addition to a merely preventive injunction may be necessary so far as they are concerned; but this fact does not change the nature of the proceeding. The respondents who removed the case apparently overlook the fact that in equity the mere circumstance that further relief may be demanded against some respondents which is not required as to all respondents, thus to a certain extent contemplating separable relief, does not involve a separable controversy. We are of the opinion that it was suitable, and, perhaps, necessary, to join all the respondents who are named in this bill, and that the gravamen of the proceeding is joint in its nature.

Ordered and decreed that the cause be remanded to the court from which it was removed, and that the complainants recover their costs.